UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC M. GRAVEL, o/b/o himself and all others similarly situated,

                Plaintiff,

-against-

HEARST TELEVISION, INC.; CITY OF WINOOSKI, VERMONT; TOWN OF COLCHESTER, VERMONT; CITY OF BURLINGTON, VERMONT, including their police departments and elected officials,

                Defendants.

23-CV-4527 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Eric M. Gravel, who resides in Winooski, Vermont, brings this *pro se* action on behalf of himself and all others similarly situated, alleging that Defendants "have harassed, falsely arrested, libeled, assaulted and battered, and defrauded" him.[1] (ECF No. 1 at 1.) Named as Defendants are Hearst Television, Inc.; City of Winooski, Vermont; Town of Colchester, Vermont; and City of Burlington, Vermont, including their police departments and elected officials. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the District of Vermont.

---

[1] As a *pro se* litigant, Gravel cannot act on behalf of another. *See U.S. ex rel. Mergent Servs. v. Flaherty,* 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal quotation marks and citation omitted)); *Iannaccone v. Law,* 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause."). Accordingly, Gravel may not appear *pro se* on behalf of anyone else in this action.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Inasmuch as Plaintiff resides in Vermont and alleges that Defendants have "harassed, falsely arrested, libeled, assaulted and battered, and defrauded" him, it would appear that the alleged events giving rise to his claims occurred in Vermont, where he resides. Plaintiff does not plead the residence of any of the defendants, only asserting that venue is proper here because Hearst Television, Inc. is headquartered in New York City.[2] Because the other Defendants are located in Vermont and the alleged events appear to have occurred in Vermont, where Plaintiff resides, from the face of the complaint, it is clear that venue is not proper in this court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Vermont, which is

---

[2] Although headquartered in New York, "Hearst Television is a national multimedia company with operations serving nearly three dozen U.S. cities, reaching one out of every five U.S. households." *See* https://www.hearst.com/broadcasting (last visited May 31, 2023).

located in the District of Vermont.³ *See* 28 U.S.C. § 126. Accordingly, venue lies in the District of Vermont, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the District of Vermont, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Vermont. Summonses shall not issue from this court. This order closes this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 31, 2023
         New York, New York

        /s/ Laura Taylor Swain
        LAURA TAYLOR SWAIN
        Chief United States District Judge

---

³ Winooski, Vermont, is a city in Chittenden County, Vermont, and it is considered part of the Burlington metropolitan area. *See* https://www.citytowninfo.com/places/vermont/winooski (last visited May 31, 2023).